UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSIE WASHINGTON, ET AL

VERSUS

STATE OF LOUISIANA, ET AL

CIVIL ACTION

NO. 11-334-BAJ-DLD

**RULING AND ORDER OF REFERRAL**

This matter is before the Court on a Motion for Injunctive Relief, filed by pro se plaintiffs, Rosie Washington and Sheldon Washington (doc. 38). Also before the Court is a motion by defendants to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (doc. 25), and a supplementary motion by defendants to dismiss (doc. 36).

Having reviewed the motion by plaintiffs for injunctive relief, the Court notes that plaintiffs' memorandum in support of the motion vastly exceeds the thirty page limit set forth by Local Rule 7.5. In the interest of justice, however, the Court has considered the memorandum. Plaintiffs, are, however, cautioned that future filings must not exceed the page limits set forth by the Local Rules unless such leave is granted by the Court upon motion by the plaintiffs.

The Court construes plaintiffs' motion as a motion for a temporary restraining order and a preliminary injunction. The Court notes, however, that "[i]njunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1974). "The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Specifically, the movant must show:

(1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest." *Holland Am. Ins Co.*, 777 F.2d at 997 (quoting, *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Upon reviewing the record, the Court finds that plaintiffs have not specifically addressed the four elements necessary to obtain injunctive relief. More importantly, the Court finds that plaintiffs have failed, *inter alia*, to establish a substantial likelihood of prevailing on the merits of the matter.

## CONCLUSION

Accordingly, plaintiffs' Motion for Injunctive Relief (doc. 38) is **DENIED** insofar as plaintiffs seek a temporary restraining order, and;

**IT IS ORDERED** that plaintiffs' Motion for Injunctive Relief, insofar as the Court construes it as a motion for preliminary injunction (doc. 38), defendants' motion to dismiss (doc. 25) and defendants' supplemental motion to dismiss (doc. 36) are hereby **REFERRED** to the Magistrate Judge for such disposition as is appropriate.

Baton Rouge, Louisiana, January _18_, 2012.

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA