UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROSIE WASHINGTON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-334-BAJ-RLB** |
| **STATE OF LOUISIANA, ET AL.** | |

### ORDER

This matter is before the court on the plaintiff's "Rule 25 Motion Requesting Substitution of Plaintiff Rosie Washington" (Rec. Doc. 101). This motion is opposed (Rec. Doc. 102). Also before the court are plaintiff's "Motion to Amend and Supplement Plaintiff's FRCP 25 Motion to Substitute the Proper Party" (Rec. Doc. 103), which is opposed (Rec. Doc. 104), and "Plaintiff's Second Motion to Amend and Supplement . . ." (Rec. Doc. 105).[1]

### Background

This action was brought by co-plaintiffs Rosie Washington and Sheldon Washington asserting claims of discrimination and retaliation against Ms. Washington's employer and various co-workers. On January 9, 2013, Ms. Washington died. On January 24, 2013, the defendants filed a statement noticing the death of Ms. Washington (Rec. Doc. 96). Ms. Washington and Mr. Washington were represented by the same counsel, who received service of the filing that same day through the court's electronic case filing system.

On April 23, 2013, Mr. Washington filed a motion requesting that he be substituted as plaintiff for his wife under Rule 25 of the Federal Rules of Civil Procedure (Rec. Doc. 101). In

---

[1] As of the date of this Order, the defendants have not filed an opposition to this motion (Rec. Doc. 105). Any opposition to the motion was required to be filed within 21 days after service of the motion. L.R. 7.4. The motion, which was filed on July 12, 2013, is therefore unopposed.

support of the motion, Mr. Washington argued that because his wife was a resident of Mississippi and died intestate, he was the "sole heir" to her estate and "the proper person to proceed as plaintiff" in the instant litigation. As the defendants point out in their opposition, Mr. Washington did not submit any evidence that he was the legal representative or successor of his wife's estate.

In subsequent filings, Mr. Washington submitted evidence that he sought to be named, and was named, the administrator of his wife's estate as attachments to his subsequent motions to "amend and supplement" his original motion. On June 4, 2013, Mr. Washington filed his first motion to amend and supplement his original motion to substitute (Rec. Doc. 103). Attached to that motion is Mr. Washington's May 14, 2013 petition in Mississippi chancery court to become the administrator of his wife's estate (Rec. Doc. 103-2). On July 12, 2013, Mr. Washington filed his second motion to amend and supplement his original motion to substitute (Rec. Doc. 105). Attached to that motion is the May 14, 2013 Mississippi chancery court decree appointing Mr. Washington as the administrator of his wife's estate (Rec. Doc. 105-2).

## Applicable Law & Analysis

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides the following procedure for substituting a proper party for a deceased party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Mr. Washington, a party to the action, filed his motion to substitute himself as plaintiff in place of his wife 89 days after the defendants filed a statement noticing the death of Ms. Washington. The defendants do not argue that the motion was untimely or that Ms. Washington's claims do not survive her death; instead, they argue that the motion to substitute should be denied because

it failed to provide sufficient evidence demonstrating that Mr. Washington was the "decedent's successor or representative." The defendants further argue that Ms. Washington's claims should be dismissed and Mr. Washington should not be granted additional time after the expiration of the 90-day period provided in Rule 25.

Mr. Washington's timely Rule 25 motion was deficient in that it did not provide the court with evidence that Mr. Washington was the proper party for substitution. In opposition to Mr. Washington's motion to substitute, the defendants correctly argue that in order to qualify as a proper substitute plaintiff for his deceased wife, Mr. Washington must qualify as either successor or representative of his wife's estate. *See Sintio v. U.S. Dept. of Justice*, 176 F.3d 512, 516 (D.C. Cir. 1999) ("[W]e have held not only that an executor or administrator of a decedent's estate is a proper party for substitution, but also that the distributee of a decedent's estate may be a 'successor' of an estate that has been distributed and thus can be a proper party."); *see also Graham v. Henderson*, 224 F.R.D. 59, 64 (N.D.N.Y. 2004) ("[T]he representative is usually either the appointed administrator or executor of the decedent's estate" and a "successor of the deceased party is a 'distributee' of the decedent's estate if the decedent's estate has been distributed at the time the motion for substitution has been made."). Because Mr. Washington did not provide sufficient evidence at the time he filed his motion demonstrating that he was either a successor or representative of the estate, his Rule 25 motion was deficient.

The two subsequent motions filed by Mr. Washington seeking to "amend and supplement" his earlier motion to substitute effectively ask the court to consider evidence—though not filed in a timely manner with his original motion to substitute—demonstrating that Mr. Washington is a proper substitute party for his wife. The court will grant these motions to the extent they request the court to "supplement" the motion to substitute with the attached

3

filings in Mississippi chancery court.  Courts concluding that a proposed substitute party did not qualify as a legal representative of the decedent despite a timely Rule 25 motion have granted leave to the proposed substitute party to obtain appointment as an administrator from an appropriate tribunal.  *See*, *e.g.*, *Madison v. Vintage, Inc.*, 872 F. Supp. 340 (S.D. Miss. 1994) (granting 30 days to sole heir of deceased party to open an estate for the deceased party and have himself appointed as administrator); *Marcano v. Offshore Venezuela*, 497 F. Supp. 204, 209 (E.D. La. 1980) (granting 60 days to widow of deceased party to obtain authorization from a proper court to qualify as a legal representative of the decedent).  Having filed a timely motion to substitute, the court will grant Mr. Washington leave to be appointed administrator of his wife's estate, and to advise the court of that appointment, through July 12, 2013, the date Mr. Washington filed his second motion to "amend and supplement" his motion to substitute.[2]

Furthermore, the court notes that this conclusion is consistent with case law indicating that the 90-day period may be extended under Rule 6(b) of the Federal Rules of Civil Procedure. *See Tatterson v. Koppers Co.,* 104 F.R.D. 19, 20 (W.D. Pa. 1984) ("[T]he history of Rule 25(a)

---

[2] The court denies Mr. Washington's request, raised in his first motion to "amend and supplement" the motion to substitute (Rec. Doc. 103), that the "Estate of Rosie Washington" be ordered the proper substitute party for Ms. Washington.  The capacity to sue or be sued is determined "by the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3).  Under Louisiana law, the "succession representative" and not the succession itself is the proper plaintiff in a lawsuit.  *See* La. C.C.P. arts. 685 ("[T]he succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration.").  Furthermore, the term "succession representative" used in Louisiana law refers to both "administrators of intestate successions and executors of testate successions."  *Goodman v. Lee*, 78 F.3d 1007, 1010 n. 3 (5th Cir. 1996).  The court is satisfied that Mr. Washington, who was appointed "administrator" of his wife's estate under Mississippi law, has capacity to sue in this action.  *See* Miss Code Ann. § 91-7-233 ("Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.").

and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted.").

The court may extend the time to file a motion after the time to file has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the non-movant, the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 n. 8 (5th Cir. 2006) (citations omitted).

Here, the court is satisfied that the Mr. Washington's failure to submit evidence that he was the administrator of his wife's estate at the time he filed his motion to substitute resulted from excusable neglect. In his motion, Mr. Washington informed the court that his wife died intestate and argued that under the laws of Mississippi, he was the sole heir of his wife. The day after the defendants opposed the motion, Mr. Washington sought and obtained a decree appointing him administrator of his wife's estate. According to Mr. Washington and his counsel, the Mississippi chancery court decree naming Mr. Washington as the administrator of his wife's estate was not properly filed in the state court record until as late as July 11, 2013 (Rec. Doc. 105, at 1). Although Mr. Washington and his counsel could have informed the court of the state court proceedings earlier, the court is satisfied that these delays will not have an impact on this proceeding and there is no danger of prejudice to the defendants by allowing Mr. Washington to supplement his motion.

Having allowed Mr. Washington to supplement his deficient motion to substitute, the court must determine whether the motion to substitute has merit. The Mississippi chancery court

decree issued on May 14, 2013 provides that Mr. Washington was appointed the administrator of his wife's estate (Rec. Doc. 105-2).  Because Mr. Washington is the administrator of his wife's estate, he is a proper substitute party under Rule 25.  *See Madison*, 872 F. Supp. at 343; *see also* Miss. Code. Ann § 91-7-237 ("When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action. . . .").  The court will, therefore, grant the motion to substitute himself, in his capacity as administrator of Ms. Washington's estate, as a proper substitute party for his deceased wife.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Amend and Supplement Plaintiff's FRCP 25 Motion to Substitute the Proper Party (Rec. Doc. 103) is **GRANTED in part and DENIED in part.**

**IT IS FURTHER ORDERED** that plaintiff's Second Motion to Amend and Supplement Plaintiff's Motion to Substitute (Rec. Doc. 105) and plaintiff's Rule 25 Motion Requesting Substitution of Plaintiff Rosie Washington (Rec. Doc. 101) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on August 8, 2013.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**