UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROSIE WASHINGTON AND SHELDON WASHINGTON | CIVIL ACTION |
| VERSUS | |
| STATE OF LOUISIANA, ET AL. | NO.: 11-00334-BAJ-RLB |

ORDER

Before the Court is a **Motion for Reconsideration (Doc. 70)**, filed by Plaintiff Sheldon Washington ("Plaintiff"), seeking an order from this Court reversing its previous ruling adopting the Report and Recommendations of the U.S. Magistrate Judge (Doc. 69).[1] The motion is opposed by Defendants, the State of Louisiana, the Louisiana Department of Public Safety and Corrections, the Louisiana State Penitentiary, Warden Burl Cain, Mary Annette Dubroc, Stayce Falgout, Gwen Hardin, Assistant Warden L. Bruce Dodd, Assistant Warden Donald Barr, and Deputy Warden Ronald Jett (collectively, "Defendants"), who have filed an **Opposition to Plaintiff's Motion for Reconsideration and Plaintiffs' Objection to Ruling (Doc. 73)**.

PROPER STANDARD

As an initial matter, the Court notes that Plaintiff has incorrectly cited to Federal Rule of Civil Procedure Rule ("Rule") 59 as the standard by which his motion

---

[1] Plaintiff Rosie Washington has passed away since the adoption of the Court's ruling, and her husband Sheldon Washington has been substituted as the sole Plaintiff in the case (Doc. 106).

should be reconsidered (Doc. 70 at 1). That Rule is applicable to rulings issued following a trial on the merits of a case. In such case, then "the court may, on motion, grant a new trial on all or some of the issues[.]" Fed.R.Civ.P. 59(a)(1). However, such is not the case here, as there has been no trial on the merits, and Plaintiff still has at least one claim pending against Defendants that was denied in Defendants' Motion to Dismiss (Doc. 25). Thus, the Court finds Rule 59 to be inappropriate.

When, as here, a party's motion to reconsider concerns an order that did not dispose of all the claims or parties, the motion is governed by Federal Rule of Civil Procedure 54(b).

Rule 54(b) permits the Court to revise an interlocutory order "at any time before entry of judgment adjudicating all of the claims and all the parties' rights and liabilities." Fed.R.Civ.P. 54(b); *Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 474-75 (M.D. La. 2002) (citing *Zapata Gulf Marine, Corp. v. Puerto Rico Maritime Shipping Authority*, 925 F.2d 812, 815 (5th Cir. 1991)). As such, the Court will treat Plaintiff's Motion for Reconsideration accordingly.

District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* at 475. However, motions for reconsideration based upon the same arguments previously submitted merely waste the limited time and resources of the Court. *Van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155-JJB, 2010 U.S. Dist. LEXIS 61062, at *4, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Further, courts generally decline to consider arguments raised for the first time on reconsideration without adequate justification.

*McClung v. Gautreaux*, No. 11-263, 2011 U.S. Dist. LEXIS 103114, at *3, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011).

Moreover, this Court recognizes that "[a] motion for reconsideration must do two things: 'First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Shields v. Shelter*, 120 F.R.D. 123, 126 (D. Colorado 1988), (citing *Great Hawaiian Financial Corp. v. Aiu*, 116 F.R.D. 612, 616 (D. Hawaii 1987)). Generally, three major grounds will justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*, (citing *Kern–Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal.1986)).

In support of the Motion, Plaintiff offers an extensive memorandum that essentially reiterates the same arguments made in opposition to the initial Motion to Dismiss (Doc. 25) and the Supplemental Motion to Dismiss (Doc. 36). Among other things, Plaintiff argues that there is no Eleventh Amendment Immunity for the claims asserted in the complaint against Defendants in their official capacities (Doc. 70 at 1). Plaintiff continues to assert that Defendants effectively waived such immunity when the case was removed to Federal Court.[2] However, the Magistrate Judge did not find, and this Court agrees, any evidence that immunity was waived by any of the

---

[2] Plaintiff again cites to the case of *Lapides v. Board of Regents of the University System of Ga., et al.*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002) as support for his position on this issue.

Defendants in their official capacities when the case was removed. (Doc. 65 at 6). As stated in the Magistrate Judge's report: "[t]he cases cited by plaintiff do not support plaintiff's argument that waiver of the Eleventh Amendment immunity in one case can be imputed to the same defendants in a [*separate*] case" (Doc. 65 at 6). More importantly, Plaintiff has failed to point to any evidence in the record that supports his contention that Defendants have waived the Eleventh Amendment immunity in this case.

Plaintiff also takes issue with the Court's dismissal of federal claims against the individual persons named as defendants in their individual capacities, as the individuals allegedly committed numerous violations of Plaintiff's constitutional rights (Doc. 70 ¶ 2). Again, Plaintiff offers no new law or evidence to support this claim. As addressed by the Magistrate Judge, Plaintiff offers only general allegations against the individual defendants. However, such general allegations do not suffice as constitutional violations. Indeed, Plaintiff makes very confusing arguments for violations, particularly under the Tenth Amendment (asserting a right to contract marriage) and the Thirteenth Amendment (asserting a right to be free from slavery and involuntary servitude by an employer)(Doc. 70-1, at 20-21). Nonetheless, the Court finds no presentation of new law or evidence that would meet the burden of proof required to overturn the ruling.

Finally, Plaintiff asserts that the state law claims against the individual persons named as defendants in their individual capacities were erroneously dismissed. Plaintiff believes that there were numerous factual allegations to sustain claims of

intentional infliction of injury and that no such claims are barred by prescription. The Court does not agree, as a thorough review of the assertions made by Plaintiff do not meet the requisite standards applicable under Louisiana tort law. To the extent that Plaintiff asserts violations under Louisiana law for employment discrimination, such claims are not sustainable against the individual defendants and are more appropriately brought against an employer under the applicable Louisiana statutes. *Mitchell v. Tracer Construction Co., et al.*, 256 F. Supp. 2d 520, 525 (M.D. La. Apr. 16, 2003) ("[L]ouisiana's antidiscrimination law provides no cause of action against individual employees, only against employers.")

In summary, the Court finds that Plaintiff has not presented any new law or evidence that would necessitate a reconsideration of its ruling. However, Plaintiff is entitled to pursue claims under Title VII against the State of Louisiana, Louisiana State Penitentiary, and Department of Public Safety and Corrections.

Accordingly,

**IT IS ORDERED** that Plaintiff Sheldon Washington's **Motion for Reconsideration (Doc. 70) is DENIED.**

Baton Rouge, Louisiana, this 18th day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**