UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROSIE WASHINGTON AND                    CIVIL ACTION
SHELDON WASHINGTON

VERSUS

STATE OF LOUISIANA                      NO.: 11-00334-BAJ-RLB

## RULING AND ORDER

Before the Court is **Clarion Bay's Exception of Preemption, No Right of Action; and Alternatively Motion to Dismiss Pursuant to FRCP 12(B) (Doc. 88)**, filed by Defendant Clarion Bay ("Mr. Bay"), seeking an order from this Court dismissing claims brought against him for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief can be Granted. The motion is opposed (Doc. 93) by Plaintiff.[1] Oral argument is not necessary.

On August 21, 2012, the Magistrate Judge issued a Report and Recommendations ("Report") (Doc. 65) on the Motion to Dismiss (Doc. 25) and Supplemental Motion to Dismiss (Doc. 36) filed by certain defendants, recommending the dismissal of all claims against Mr. Bay, without prejudice, pursuant to Rule 4(m) for failure to serve the defendant (Doc. 65, at 33). The Report was adopted by the District Court on September 18, 2012 (Doc. 69).

---

[1] Plaintiff Rosie Washington is now deceased. Her husband, Sheldon Washington, has been substituted as the sole Plaintiff in the case (Doc. 106).

On November 11, 2012, Plaintiff's counsel was issued a summons for Mr. Bay and was thereafter required to provide service on him (Docs. 77 and 78). However, there is no evidence in the record showing that Mr. Bay was ever served, nor is there evidence that Plaintiff's counsel ever provided the Court with proof of service. Subsequently, on November 26, 2012, Mr. Bay filed the instant motion to dismiss the claims against him.[2]

The Court finds that, among other errors, Mr. Bay was never properly served. Federal Rules of Civil Procedure Rule ("Rule") 4(m) states in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Proper service of process is a mandatory prerequisite to file a suit in federal court. Rule 4(c)(1). However, an individual, corporation, or association that is subject to service may waive service of summons. Rule 4(d)(1). In absence of proper service of process, or waiver of service by the defendant, this court is without jurisdiction over the defendant and cannot proceed. *Murphy Brothers, Inc., v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-51, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Here, the Court finds

---

[2] Through a clerical error on the part of the Clerk of Court, Mr. Bay was never officially terminated as a party to the litigation after the Court adopted the Report of the Magistrate Judge. As a result, Mr. Bay was misinformed of his role in the litigation. Further, Mr. Bay was never properly served and was not properly terminated on the Court's docket. He did not receive a copy of the Court's ruling. Had he received it, he would have been made aware that he is no longer a party to this litigation and that the filing of the instant motion was not required.

it unnecessary to rule on Mr. Bay's motion, since the period for service after the filing of the complaint, as required by Rule 4(m), expired long before Plaintiff issued the summons. Thus, the Motion is DENIED as moot.

Accordingly,

**IT IS ORDERED** that Clarion Bay's **Exception of Preemption, No Right of Action; and Alternatively Motion to Dismiss Pursuant to FRCP 12(B) (Doc. 88)** is **DENIED, without prejudice**, to his ability to re-urge the motion at a later time.

**IT IS FURTHER ORDERED** that counsel for Plaintiff provide reasons for the failure to serve Mr. Bay beyond the period required by Rule 4(m) within 14 days of this date. Failure of Plaintiff to do so will result in dismissal of this claim against Mr. Bay with prejudice.

Baton Rouge, Louisiana, this 23rd day of September, 2013.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

3

Case 3:11-cv-00334-BAJ-RLB   Document 109   09/23/13   Page 3 of 3